IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                    No. CR 14-2353 JB

JOVAN MARTINEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Opposed Motion to Continue April 20, 2015 Trial Setting, filed April 7, 2015 (Doc. 43)("Motion"). The Court held a hearing on April 14, 2015. The primary issue is whether the Court should continue the April 20, 2015, trial date. Because Defendant Jovan Martinez' two motions may require an evidentiary hearing and additional briefing cannot be resolved before trial, and because Martinez has a forensic evaluation scheduled that cannot take place before trial, the Court will grant the Motion.

## FACTUAL BACKGROUND

The Criminal Complaint, filed June 17, 2014 (Doc. 1)("Complaint"), alleges that Martinez stole an Albuquerque Police Department ("APD") bait vehicle.[1] Complaint at 3. APD detectives disabled the car, and Martinez fled the vehicle on foot. See Complaint at 3. APD detectives apprehended Martinez after a short foot chase. See Complaint at 3. Martinez was the

---

[1] "A bait car, also called a hot car, is a vehicle used by law enforcement agencies to capture car thieves or thieves who steal items from cars." Bait Car, Wikipedia.org, http://en.wikipedia.org/wiki/Bait_car (last visited April 20, 2015)(footnote omitted). "The vehicles are modified with audio/video surveillance technology, and can be remotely monitored and controlled. Those set up to catch car thieves may include GPS tracking. A 'kill switch' may be installed in the vehicle allowing police to remotely disable the engine and lock all doors remotely, preventing escape." Bait Car.

only occupant in the bait vehicle, and the detectives found two bags in the vehicle's front passenger seat. See Complaint at 3. One bag contained a .22 caliber revolver that contained five live rounds and one spent .22 caliber shell casing. See Complaint at 3. The APD detectives took Martinez to the police station to interview him. See Complaint at 3. Martinez was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966),[2] and he agreed to speak to a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agent. Complaint at 3.[3] Martinez told the agent that he purchased the revolver the previous day for approximately $80.00 and some methamphetamine. See Complaint at 3.

## PROCEDURAL BACKGROUND

Martinez is charged with being a convicted felon who knowingly possessed of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Superseding Indictment at 1, filed March 10, 2015 (Doc. 35). Trial was originally set for August 18, 2014. See Notice of Jury Selection/Jury Trial, filed July 30, 2014 (Doc. 16). Martinez moved to continue the August 18,

---

[2] Miranda v. Arizona "requires that procedural safeguards be administered to a criminal suspect prior to 'custodial interrogation.'" United States v. Perdue, 8 F.3d 1455, 1463 (10th Cir. 1993)(quoting Miranda v. Arizona, 384 U.S. at 444). The Supreme Court of the United States of America provided the substance of the warning that must be given to a defendant to meet these procedural safeguard requirements:

> Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him.

Miranda v. Arizona, 384 U.S. at 444-45.

[3] It is unclear whether it was the APD detectives or the ATF agent that advised Martinez of his rights under Miranda v. Arizona.

2014, trial date, see Unopposed Motion to Continue August 18, 2014 Trial Setting at 1, filed August 12, 2014 (Doc. 17), and the Court continued the trial by setting the new trial date for October 18, 2014, see Order Continuing August 18, 2014 Trial, filed August 18, 2014 (Doc. 19). On September 30, 2014, Martinez' counsel moved to withdraw and to have the Court appoint new counsel, see Motion to Appoint Alternate Counsel, filed September 30, 2014 (Doc. 22), which the Court granted, see Order Appointing Alternate Counsel, filed October 10, 2014 (Doc. 23). Martinez' current counsel was appointed on October 10, 2014. See CJA 20 Appointment of and Authority to Pay Court Appointed Counsel, filed October 10, 2014 (Doc. 25). Before the current Motion, and after the Court appointed his current counsel, Martinez moved to continue the trial date four times. See Unopposed Motion to Continue October 17, 2014 Trial Setting and Extend Pretrial Motions Deadline, filed October 14, 2014 (Doc. 24); Unopposed Motion to Continue December 16, 2014 Trial Setting and Extend Pretrial Motions Deadline, filed December 2, 2014 (Doc. 27); Unopposed Motion to Continue January 15, 2015 Trial Setting and Extend Pretrial Motions Deadline, filed December 31, 2014 (Doc. 29); Unopposed Motion to Continue February 17, 2015 Trial Setting and Extend Pretrial Motions Deadline, file January 23, 2015 (Doc. 31). The Court granted each of these motions to continue, until the trial was set for April 20, 2015. See Order at 1-2, filed October 16, 2014 (Doc. 26)(rescheduling trial for December 16, 2014); Order at 1-2, filed December 3, 2014 (Doc. 28)(rescheduling trial for January 15, 2015); Order at 1-2, filed December 31, 2014 (Doc. 30)(rescheduling trial for February 17, 2015); Order at 1-2, filed January 27, 2015 (Doc. 33)(rescheduling trial for April 20, 2015).

Martinez filed the Motion on April 7, 2015. See Motion at 1. Martinez moves for the Court to continue the April 20, 2015, trial setting for 30 days. See Motion at 1. He notes that, if

he is convicted, he faces a sentence between fifteen years and life, and that he was arraigned on July 17, 2014.  See Motion ¶¶ 1-2, at 1.  Martinez asserts that he filed the Sealed Motion to Compel Production of Discovery, filed March 30, 2015 (Doc. 42)("Motion to Compel"), and the Motion to Suppress Statement, filed March 29, 2015 (Doc. 41)("Suppression Motion"), and that the United States' responses to the motions are due on April 13, 2015, Motion ¶ 4, at 1.  He contends that he can file replies fourteen days after the United States' responses.  See Motion ¶ 4, at 1.  Martinez asserts that the Suppression Motion will likely require an evidentiary hearing and that each motion will likely require hearings.  See Motion ¶ 4, at 1.  Martinez argues that the necessary hearings and briefing cannot be completed before the April 20, 2015, trial setting.  See Motion ¶ 5-6, at 2.  He maintains that the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), excludes delays which result from pretrial motions.  See Motion ¶ 7, at 2.

     Martinez also contends that he scheduled a forensic evaluation for April 9 and 10, 2015, at the Sandoval County Detention Center, where he is being held in federal custody, but that, on or about March 31, 2015, he was taken into state custody for an April 2, 2015, hearing in state court.  See Motion ¶ 8, at 2.  Martinez asserts that he will not be returned to federal custody until April 10, 2015, and that, because the forensic interview cannot be conducted at the state facility, the interview has been rescheduled for April 23 and 24, 2015.  See Motion ¶ 8, at 2.  He contends that, after the interview, his counsel will need to confer with the forensic-interview examiner to determine if the examiner's testimony will be necessary for trial.  See Motion ¶ 9, at 2.  Martinez maintains that the briefing and hearings on the Suppression Motion and the Motion to Compel, and the forensic interview, will be completed within thirty days.  See Motion ¶¶ 10-11, at 2.  Martinez argues that good cause exists for granting a continuance and that granting the continuance and extending the motion deadlines serves the ends of justice, because of the need to

continue plea negotiations and, if negotiations fail, to prepare motions or for trial.  See Motion ¶ 12, at 3.  Martinez notes that his counsel is unavailable from May 11, 2015, through May 15, 2015, and from June 4, 2015, through June 15, 2015.  See Motion ¶ 13, at 3.  He asserts that a trial will take only one to two days.  See Motion ¶ 13, a 3.

      The United States responded to the Motion on April 13, 2015.  See Government's Response to Defendants Opposed Motion to Continue April 20, 2015 Trial for a Period of 30 Days at 1-2, filed April 13, 2015 (Doc. 47)("Response").  The United States contends that Martinez has not given the United States notice of his intent to raise the insanity defense, as rule 12.2 of the Federal Rules of Criminal Procedure requires, or of expert evidence that bears on his guilt.  Response ¶ 2, at 1.  The United States opposes the Motion on the basis that, if the Court permits an extension of time under rule 12.2, the process will take over thirty days.  See Response ¶ 3, at 1.  It contends that, because Martinez' current counsel was appointed on October 10, 2014, discussions of an insanity defense could have been raised much earlier.  See Motion ¶ 4, at 1.  The United State argues that Martinez has not set forth sufficient evidence demonstrating a legitimate insanity defense or mental condition to give the Court a basis for extending the rule 12.2 deadlines.  See Response ¶ 5, at 2 (citing United States v. Cox, 826 F.2d 1518, 1522 (6th Cir. 1987); United States v. Veatch, 674 F.2d 1217, 1224-25 (9th Cir. 1981)).  The United States contends that an independent forensic evaluation by the Bureau of Prisons ("BOP") will take at least 120 days and that, if the Court is inclined to grant the Motion, it should continue the trial for at least 120 days.  See Response ¶ 9, at 2.  It asserts that ATF agent, Brandon Garcia, is an essential witness and will be unavailable from mid-May, 2015, through June 8, 2015, on paternity leave.  See Response ¶ 7, at 2.  It also asserts that the United Sates'

counsel will be unavailable from May 22, 2015, through June 3, 2015, and again from June 29, 2015, through July 10, 2015.  See Response ¶ 8, at 2.

The Court held a hearing on April 14, 2015.  See Transcript of Hearing (taken April 14, 2015)(Villa)("Tr.").[4]  The Court began the hearing by telling the parties that it was inclined to allow the Suppression Motion and Motion to Compel to be fully briefed, and to hold hearings on them, but that it was aware of the problems that vacating the trial date would have on the United States' counsel and witnesses.  See Tr. at 2:13-3:1 (Court).  The Court asked the parties if they could come up with a trial date that worked for everyone.  See Tr. at 3:1-5 (Court).  Martinez stated that he thought that the Court and parties could find a trial date which, while not 120 days out, could accommodate counsel and witnesses.  See Tr. at 3:20-4:1 (Villa).

The United States suggested that, because of the Suppression Motion and the Motion to Compel, and because Martinez raises issues of mental defect or insanity, the Court should designate the case complex.  See Tr. at 4:3-22 (Torrez).  It contended that, by designating the case complex, the Court would give the parties sufficient time to meet and consult, and to deal with issues of unavailability.  See Tr. at 5:15-24 (Torrez).  The United States asserted that it would likely request to conduct an independent evaluation of Martinez' mental health and that it would want to transfer Martinez to a BOP facility to do the evaluation.  See Tr. at 4:23-5:14 (Torrez).

Martinez stated that he does not have any competency issues and that the forensic evaluation is being conducted to address the voluntariness of his confession and possibly create mitigating factors for sentencing.  See Tr. at 6:4-18 (Villa, Court).  He asserted that he does not foresee raising an insanity defense and that it is, thus, unnecessary to be transferred to a BOP

---

[4]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final version may contain slightly different page and/or line numbers.

facility.  See Tr. at 6:20-22 (Villa).  Martinez contended that, because the forensic evaluation is for mitigating purposes, and because he does not anticipate raising an insanity defense, there is no need to declare the case complex, and that, if the United States wishes to conduct an independent evaluation after his evaluation, the United States should raise the issue after his forensic evaluation, and the parties should litigate the issues as they arise.  See Tr. at 6:22-7:10 (Villa).  Martinez maintained that he should be able to file a notice within a week or two, or secure the forensic evaluation, which would give the United States sufficient time to decide how it will proceed with the case.  See Tr. at 7:8-12 (Villa).  He contended that he will not know if there will be any trial testimony or defense that may arise out of the forensic interview until after the interview takes place, but that any testimony will likely go to the voluntariness of his confession.  See Tr. at 9:10-19:7 (Villa, Court).  The parties then discussed available dates and settled on a June 16, 2015, trial date.  See Tr. at 7:25-9:12 (Torrez, Villa, Court); id. at 10:5-15:2 (Torrez, Villa, Court, Clerk).

## LAW REGARDING THE SPEEDY TRIAL ACT

"'The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings.'"  United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993)(quoting United States v. Noone, 913 F.2d 20, 28 (1st Cir. 1990)).  The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), reads in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.  If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1).

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2006)(citing 18 U.S.C. § 3161(c)(1)).  The Speedy Trial Act provides that certain periods of delay are not calculated in computing the time limits for trial.  18 U.S.C. § 3161 states in relevant part:

> **(h)** The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > **(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
> >
> > > **(A)** delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> > >
> > > . . . .
> > >
> > > **(F)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> > >
> > > . . . .
> > >
> > > **(J)** delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
> >
> > . . . .
>
> > **(4)** Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

> . . . .
>
> **(7)**
>
>> **(A)** Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161. Courts are instructed to consider specific factors when determining whether to grant a continuance under section (A) of 18 U.S.C. § 3161(h)(7). See 18 U.S.C. § 3161(h)(7)(B). Section 3161(h)(7)(B) sets forth the factors a court should consider:

> **(B)** The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
>> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

  **(iii)**  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

  **(iv)**  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

  The Supreme Court of the United States of America in United States v. Zedner, 547 U.S. 489 (2006), held that, when a district court makes no findings on the record to support a § 3161(h)(8) continuance -- now § 3161(h)(7) -- harmless-error review is not appropriate. See 547 U.S. at 506-07. In United States v. Williams, 511 F.3d 1044 (10th Cir. 2007), the United States Court of Appeals for the Tenth Circuit held that "the Act does not allow a district court to retroactively grant an ends-of-justice continuance. 'Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period.'" 511 F.3d at 1055 (quoting United States v. Doran, 882 F.2d 1511, 1516 (10th Cir. 1989)). In granting an ends-of-justice continuance, a district court must make explicit finds showing why the continuance is necessary.

See United States v. Hernandez-Mejia, 406 Fed. App'x 330, 336 (10th Cir. 2011)(unpublished).[5]

The Tenth Circuit explained:

> This court has interpreted strictly the requirements of § 3161(h)(7)(A) and (B). We have held (1) that to satisfy the requirements of § 3161(h)(7)(A), the district court must make explicit oral or written on-the-record findings explaining the reasons why a trial continuance is necessary, unless the facts supporting the continuance "are obvious and set forth in the motion for the continuance itself," United States v. Occhipinti, 998 F.2d 791, 797 (10th Cir. 1993)(internal quotation marks omitted); (2) that "the record must clearly establish [that] the district court considered the proper factors at the time such a continuance was granted," [United States v.] Toombs, 574 F.3d [1262,] 1269 [10th Cir. 2009]; (3) that "it must be clear from the record that the trial court struck the proper balance when it granted the continuance," United States v. Williams, 511 F.3d 1044, 1056 (10th Cir. 2007)(alteration and internal quotation marks omitted); and (4) that although adequate trial-preparation time is a permissible reason for granting a continuance and tolling the Act, "such a reason must be supported by the information and evidence presented to the district court," United States v. Gonzales, 137 F.3d 1431, 1435 (10th Cir. 1998).

United States v. Hernandez-Mejia, 406 F. App'x at 336.

Section 3162(a)(1) and (2) of the Act sets out the sanctions applicable when the United States has not filed an indictment or information, or when the defendant is not brought to trial within the time limits that § 3161(b) and (c) require:

---

[5]United States v. Hernandez-Mejia is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that United States v. Hernandez-Mejia has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

**(a)**

  **(1)** If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

  **(2)** If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.  The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).  In determining whether to dismiss the case with  or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the   administration of this chapter and on the administration of justice.  Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

18 U.S.C. § 3162(a)(1), (2).

  In <u>United States v. Cano-Silva</u>, the Tenth Circuit stated: "The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations.  Dismissal with prejudice is a strong message indeed, and one ill-suited to an isolated and inadvertent violation." 402 F.3d at 1035.

> While dismissal of the indictment is mandatory, the district court retains discretion to determine whether the indictment is dismissed with or without prejudice. In determining whether to dismiss with or without prejudice, the court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

United States v. Cano-Silva, 402 F.3d at 1034 (quoting 18 U.S.C. § 3162(a)(2))(citations omitted). The seriousness of the offense must be weighed against the severity of the delay. See United States v. Jones, 213 F.3d 1253, 1257 (10th Cir. 2000). In addition, the Supreme Court has suggested that the trial court should also consider, when determining whether to dismiss an indictment with prejudice, the prejudice to the defendant that a Speedy Trial violation delay has caused. See United States v. Taylor, 487 U.S. 326, 333-34 (1988).

"It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." United States v. Taylor, 487 U.S. at 342. "Preindictment delay that rises to a constitutional violation requires dismissal of the indictment with prejudice to retrial." United States v. Johnson, 120 F.3d 1107, 1110 n.2 (10th Cir. 1997)(citing United States v. Marion, 404 U.S. 307, 324 (1971)). "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." United States v. Saltzman, 984 F.2d at 1093. See United States v. Johnson, 120 F.3d at 1112 ("Ms. Johnson bears no responsibility for the circumstances leading to the Speedy Trial Act violation, and . . . she properly asserted her rights under the Act."). In United States v. Johnson, one aspect of the Speedy Trial Act violations that troubled the Tenth Circuit was that, although the nature of the offense was relatively uncomplicated, the government delayed almost two years in indicting her. See 120 F.3d at 1112.

In United States v. Perez-Alcatan, 376 F. Supp. 2d 1253 (D.N.M. 2005)(Browning, J.), the Court dismissed Perez-Alcatan's indictment without prejudice, because the United States, through inadvertent error, failed to indict him within thirty days of the arrest, as the Speedy Trial Act requires. See 376 F. Supp. 2d at 1257. Thirty days from Perez-Alcatan's arrest was May 26, 2005, and a grand jury indicted Perez-Alcatan on June 14, 2005. See 376 F. Supp. 2d at 1254. Perez-Alcatan argued that the Court should dismiss his case with prejudice. See 376 F. Supp. 2d at 1256. He contended that his charged crime, re-entry into the United States after conviction for an aggravated felony, which carried a 16-level enhancement under the United States Sentencing Guidelines, was not a serious crime. See 376 F. Supp. 2d at 1257. His underlying aggravated felony, however, was voluntary manslaughter. See 376 F. Supp. 2d at 1254. The Court looked to the Sentencing Guidelines, stating that a 16-level enhancement is among the largest in the Sentencing Guidelines, which signals Congress' intent to consider the crime a serious one. See 376 F. Supp. 2d at 1256. Furthermore, the Court stated that the seriousness of the crime is indicated by the Guideline's lack of authorization for probation in such circumstances, and by the fact that Congress is hiring more border agents and Assistant United States Attorneys to slow the flow of immigration and punish those who are already felons. See 376 F. Supp. 2d at 1256. The Court concluded that the seriousness of the offense favored dismissal without prejudice. See 376 F. Supp. 2d at 1256. The Court also held that the facts and circumstances that led to the delay did not favor dismissal with prejudice. See 376 F. Supp. 2d at 1256-57. While most immigration cases in which a defendant waives a preliminary hearing and detention hearing also involve a waiver of presentment to the grand jury, Perez-Alcatan chose to waive the detention hearing and the preliminary hearing, but not presentment to the grand jury. See 376 F. Supp. 2d at 1256. As a result of the unique situation, the file cover in the United States Attorney's Office

was annotated "waiver" and was incorrectly filed, causing untimely presentment. 376 F. Supp. 2d at 1257. The Court further held that, because the delay-producing conduct was an administrative oversight, and was without bad faith, dismissing the case with prejudice would do little to prevent such future mistakes. See 376 F. Supp. 2d at 1257. The Court stated that the "United States continues to present its cases for indictment in a timely manner; dismissal with prejudice would not improve the professional efforts already in place in adhering to the Speedy Trial Act." 376 F. Supp. 2d at 1257. The Court also stated that Perez-Alcatan had not alleged any actual prejudice in his ability to defend himself. See 376 F. Supp. 2d at 1257. The Court, therefore, dismissed the case without prejudice. See 376 F. Supp. 2d at 1257.

## ANALYSIS

The Court will grant the Motion. Martinez has filed two motions that will take more than three weeks to brief and argue, and has scheduled a forensic interview for a date that is after the scheduled trial. These are sufficient reasons for the Court to grant a continuance. The United States' main argument against the Court granting the Motion is that it will require more than thirty days to respond to an insanity defense. Rather than denying the Motion and holding a trial on April 20, 2015, the United States requests that the Court continue the trial for at least 120 days or designate the case complex. See Response ¶¶ 3-9, at 1-2; Tr. at 4:3-22 (Torrez). The United States' argument puts the cart before the horse. The United States argues that, because Martinez is undergoing a forensic interview, he must be preparing for an insanity defense, and, because the United States will need at least 120 days to respond to an insanity defense, the Court should continue the trial for at least 120 days or designate the case complex. Martinez is not, however, planning on raising an insanity defense. He is conducting the forensic interview to collect evidence to challenge the voluntariness of his confession or produce mitigating factors for

sentencing.  See Tr. at 6:4-18 (Villa, Court).  There is, thus, no reason to grant such a long continuance when the reason for the length is based on an unanticipated event that is not guaranteed to occur.

As Martinez noted at the hearing, if the results of the forensic interview show evidence of insanity, and if he then raises such a defense, the parties can, at that time, litigate the amount of time it will take the United States to respond to the defense.  See Tr. at 6:22-24 (Villa).  The Court does not want, however, to jump the gun and order a long continuance that may be unnecessary and that is based on faulty assumptions about what arguments Martinez may raise, especially when he stated that he currently has no intention of raising them.  Accordingly, because there is no indication that Martinez will raise an insanity defense, and because the United States has not argued that the Court should not grant any continuance,[6] the Court will grant the Motion.

After weighing the best interest of the public and of Martinez against the ends of justice, the Court finds that granting the continuance will strike a proper balance between the ends of

---

[6] The United States asserts that Martinez "should be required to provide the Court with some evidence from which the Court can infer or reach the conclusion that there is good cause to allow Defendant to file a late notice under Fed. R. 12 (a) and (b)." Response ¶ 6, at 2.  The United States likely intended to say that Martinez must show good cause to file a late notice under rule 12.2(a) or 12.2(b) of the Federal Rules of Criminal Procedure.  Rule 12.2 concerns the notice that a defendant must give to raise an insanity defense.  See Fed. R. Crim. P. 12.2.  Rule 12.2(b) states that the "court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders."  Fed. R. Crim. P. 12.2(b).  Rule 12(a) and rule 12(b), on the other hand, concern pleadings and pretrial motions.  See Fed. R. Crim. P. 12(a)-(b).  The only timeliness aspect of rule 12(b) is that certain motions must be raised before trial, see Fed. R. Crim. P. 12(b)(3), and rule 12(a) and 12(b) do not require any notices, except by the United States, see Fed. R. Crim. P. 12(b)(4)(stating that the United States may give the defendant notice of what evidence it will use at trial).  Moreover, in the Response's preceding paragraph, before the United States mentions rule 12(a) and 12(b), the United States discusses rule 12.2(a) and rule 12.2(b).  See Response ¶ 5-6, at 2.  The United States, thus, likely intended to say rule 12.2 and not rule 12.  Because rule 12.2 concerns notice of an intent to raise an insanity defense, the United States' good-faith argument is also tied to a mistaken belief that Martinez would raise an insanity defense.

justice and the best interests of the public and of Martinez for the reasons stated in the Motion and at the hearing held on April 14, 2015.  Specifically, that Martinez has filed the Motion to Compel and the Suppression Motion that may require an evidentiary hearing and briefing that cannot be completed before the April 20, 2015, trial date, and that Martinez should have an opportunity to conduct a forensic evaluation, outweigh Martinez' and the public's interest in a speedy trial.  See 18 U.S.C. § 3161(h)(7).  Based on the Court's discussion with the parties at the hearing to find an amenable trial date, the Court will grant the Motion and reschedule the trial for June 16, 2015.

**IT IS ORDERED** that: (i) the Opposed Motion to Continue April 20, 2015 Trial Setting, filed April 7, 2015 (Doc. 43), is granted; and (ii) trial is rescheduled for June 16, 2015.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
  United States Attorney
Presiliano Torrez
William J. Pflugrath
Lynn Wei-Yu Wang
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Ryan J. Villa
Albuquerque, New Mexico

   *Attorney for the Defendant*